UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cr-00159-FDW-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT DALE ELLIS, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant's Appeal of the Magistrate Judge's Order denying Defendant's Motion for Discovery. (Doc. Nos. 24, 31, 32). The Government responded in opposition to the appeal, and Defendant has replied. This matter is ripe for ruling. For the reasons that follow, the Court AFFIRMS the Magistrate Judge's Order.

The standard to review Defendant's appeal of the Magistrate Judge's Order is well settled. Where a magistrate judge issues an order "that does not dispose of a charge or defense," this Court may "modify or set aside any part of" that order "that is contrary to law or clearly erroneous." Fed. R. Crim. Pro. 59(a). "A finding is clearly erroneous if 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" United States v. Pinson, No. 2:19-CR-00250, 2020 WL 2830988, at *2 (S.D.W. Va. May 29, 2020) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Pinson, No. 2:19-CR-00250, 2020 WL 2830988, at *2 (quotation omitted). The standard of review is deferential. 3B Charles Alan Wright et al., Federal Practice and Procedure § 922 (4th ed.) (There is a "deferential standard of review for nondispositive matters.").

1

Notably absent from Defendant's appeal here is the assertion—or mention—of "clear error" in the Magistrate Judge's Order, which this Court must find to modify or set it aside. The gravamen of Defendant's appeal is that the "Magistrate Judge's decision to deny discovery rests implicitly on resolution of a dispute of fact – that the Cellebrite UFED reader report requested by the defense necessarily contains 'material that includes child pornography.'" (Doc. No. 32, (citing Doc. No. 31 at 3 (quoting 18 U.S.C. § 3509(m)(1))). Defendant argues, "To the contrary, the UFED reader report can easily be provided to the defense with the images of child pornography removed, particularly since the materials found included a grand total of seven images of alleged child pornography." (Doc. No. 32, p. 1). Defendant asks this Court to "overrule the Magistrate Judge's recommendation and issue an order pursuant to Fed. R. Cr. P. 16(a)(1)(E)(i, ii, & iii) compelling discovery of the Cellebrite UFED reader report of the data extracted from the smartphone allegedly found in Mr. Ellis' possession; or, in the alternative and without waiving the greater relief, that this Court hold a hearing – which the Magistrate Judge failed to do in contravention of Rule 12(d) – to decide whether the requested discovery can be provided without including prohibited child pornography materials." (Doc. No. 32, p. 5).

The only evidence referenced before the Magistrate Judge on this issue appeared in the Government's brief, where it proffered, "[A]ccording to [Digital Forensic Analyst] Pope, the UFED reader report is an executable file that may contain remnants of CSAM pictures throughout the file. DFA Pope cannot, with certainty, remove all the CSAM remnants from the UFED reader report." (Doc. No. 29, p. 3). In response, Defendant argued to the Magistrate Judge, "A properly prepared UFED report contains no child sexual abuse material, as 'remnants' or otherwise." (Doc. No. 30, p. 2). Defendant, however, identified no source or proffer of testimony to support this

2

argument. Thus, no "dispute of fact" existed, and without any proffer of a source for this claim, there is no indication to the Magistrate Judge that an *evidentiary* hearing might be helpful.[1] And, in the instant appeal and briefing, Defendant contends "any competent computer forensics investigator can easily accomplish" the removal of remnants; yet, Defendant continues to fail to support his assertion with any proffer of testimony to support this contention. (Doc. No. 32, p. 2). On the other hand, in response to the instant appeal, the Government provided a declaration from DFA Pope, and DFA Pope's sworn testimony affirms that he "cannot, with certainty, remove all the child porn remnants from the UFED reader report." (Doc. No. 43-1, p. 2). Defendant's broad generalizations contained in his pleadings, without attribution or proffer, fail to create a dispute of fact. Thus, the only proffered evidence before the Magistrate Judge—and only evidence before this Court—indicates that disclosure of the UFED reader report would violate 18 U.S.C. § 3509(m), as the Magistrate Judge ruled. Defendant has failed to show clear error in the Magistrate Judge's Order.

This Court's decision is further supported by the applicable law governing discovery in a criminal case involving child pornography.

> In a criminal case, a defendant has a limited right to discovery. The Government is constitutionally required to provide the defendant with so-called Brady and Giglio materials. The Jencks Act requires the Government to provide statements made by a government witness prior to any cross examination. 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2. But, beyond these self-executing obligations, "[t]here is no general constitutional right to discovery in a criminal case . . . ." Weatherford v. Bursey, 429 U.S. 545, 559 (1977).
>
> As a "matter of legislative grace," Congress crafted Federal Rule of Criminal Procedure 16 and imposed additional disclosure obligations on the Government (and on defendants) in a criminal case. See Pub. Citizen v. Liggett Grp., Inc., 858 F.2d 775, 788 (1st Cir. 1988) (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20,

---

[1] Nothing in the record before the Court or in the authority cited by Defendant mandates an evidentiary hearing in this matter, and that argument is summarily rejected.

31–32 (1984)); United States v. Smith, 985 F. Supp. 2d 506, 521–22 (S.D.N.Y. 2013). Rule 16 requires that the Government provide a defendant with his own statements and criminal history and grants a defendant access to physical evidence and expert reports. See Fed. R. Crim. P. 16(a).

United States v. Gray, No. 7:22-CR-00001, 2022 WL 822173, at *2 (W.D. Va. Mar. 18, 2022) (footnotes omitted). "Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy . . . any property or material that constitutes child pornography," as long as "the Government makes the property or material reasonably available to the defendant." 18 U.S.C. § 3509(m)(2)(A).

Here, it is uncontested that the Government has made the UFED reader report available to Defendant, and it is uncontested that Defendant's counsel and a defense forensics investigator have inspected the data with an agent at a Government facility *multiple times*. Indeed, the Government continues to make the UFED reader report available, and Defendant has availed itself of this opportunity as evidenced by the Government's uncontroverted representation that the defense team privately reviewed the evidence and data extracted from the phone twice since the Magistrate Judge issued his Order. Defendant has failed to show clear error in the Magistrate Judge's Order or that the Government's current practice of granting Defendant access and making the property readily available warrants a different result by this Court.

IT IS THEREFORE ORDERED that Defendant's Appeal of the Magistrate Judge's Order, (Doc. No. 32), is DENIED, and the Magistrate Judge's Order, (Doc. No. 31), denying Defendant's Motion for Discovery, (Doc. No. 24), is AFFRIMED.

IT IS SO ORDERED.

Signed: December 19, 2022

4

Frank D. Whitney
United States District Judge